## HULDAH B. YOUNG ET AL. v. WILLIAM YOUNG ET AL.

1. A decree of the Orphans' Court, founded on a rule limiting the time for creditors to present claims, has the effect of barring all actions on claims not presented within the prescribed time.

2. An action founded on a claim presented in the interim between the expiration of the time fixed in the rule and the decree, will not be sustained.

On demurrer to replication. The facts appear fully in the opinion.

Argued at February Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, KNAPP and PARKER.

For the plaintiffs, *William S. Gummere.*

For the defendants, *J. G. Shipman.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is a suit against executors for moneys alleged to have been due by the testator to the plaintiffs. The promise laid is the promise of the deceased. The plea of the executors sets up a rule to limit the time for the putting in of the claims of creditors duly granted by the Orphans' Court, the publication of such rule, the running out of the limited period, and the usual decree of the court barring all actions by creditors who had not brought in their claims within the prescribed term. The plea also avers that the claim in suit was not so presented. The replication which is demurred to, in avoidance of the force of these facts, relies upon a single circumstance, which is, that, although the demand sued for was not sent in to the executors within the time limited in the rule, nevertheless it was so presented before the decree to bar actions was taken. The question thus raised depends for its solution on the proper construction of the sixty-second section of the Orphans' Court act. *Rev., p.* 764. This provision was altered by the compilers of the late revision. The clause, as it stood originally, after providing for a rule to limit claims, as in the present act, thus expressed itself: " And if any creditor shall neglect to bring in and exhibit his or her debt, demand or claim within the time so limited, after public notice given as aforesaid, such creditor shall be forever barred of his or her action against such executors or administrators." By force of these terms it is plain that to shut out a right of a creditor to sue an executor or administrator, the only essential facts were the rule to limit, its publication, the running out of the time limited and the non-presentation of the claim within such time. This was so held by this court in the case of *Ryan* v. *Flanagan's Administrators,* 9 *Vroom* 161. But by the plain language of the Revision, the decree consequent on the rule and the proceedings under it is an essential con-

stituent of the bar to a suit. The present provision reads as follows, viz.: " After the expiration of the time in such order limited, the Orphans' Court, upon proof to its satisfaction that such notice has been set up and advertised as directed, may, by final decree, order that all creditors who have not brought in their claims within the time in said order directed, shall be barred from any action therefor against the executor or administrator ; and any creditor who shall have neglected to bring in his debt, demand or claim within the time so limited, shall, by such decree, be forever barred of his or her action therefor against such executor or administrator."

It is obvious that by force of this provision in its present form, it is not the rule to limit claims by the running out of the time specified in it that has the effect to exclude the claims of negligent creditors, but it is the decree founded on that course of proceeding which produces that result. A plea showing a rule of this kind and the necessary proceedings under it, but failing to exhibit a decree, would be manifestly insufficient. Thus far there can be no question as to the operation of the change produced by the emendation of this law. And such was the doctrine assumed in *Ryder* v. *Wilson's Executors*, 12 *Vroom* 9, and directly adjudged in *Terhune* v. *White*, 7 *Stew. Eq.* 98.

But the further question is presented by the pleadings in this case, What is the effect of such decree after it is rendered? Does it bar all actions founded on claims not presented within the time limited in the rule, or only those not presented before its own rendition? The replication in this case rests on the assumption of the affirmative of the latter proposition, the claim in suit having been sent in after the period prescribed in the rule but before the date of the decree. And this position of the counsel of the plaintiffs is sustained by authority, for the Chancellor has decided in its favor. *Miller* v. *Harrison*, 7 *Stew. Eq.* 374. And I may remark that upon the first reading of the clause it appeared to me that such construction was the proper one, for upon the opposite view this change in the phraseology of the act has but a slen-

der effect. Nevertheless, notwithstanding this first impression and the weight of judicial opinion in its favor, upon a careful examination of the clause I am constrained, in view of the clear meaning of the language used by the legislature, to adopt the opposite conclusion. Indeed, I now regard the words of this law to be so plain in their signification that the section presents a matter not for construction, but a case for the mere interpretation of the legislative language. The effect of the decree is defined in unmistakable words. The act explicitly declares that " after the time in such order limited "— that is, the order limiting the period for the presentation of claims—a decree may be made containing a judgment in these words : " That all creditors who have not brought in their claims within the time in said order directed shall be barred," and the section then, as if to afford a double assurance of its meaning, adds the declaration, " that if any creditor shall have neglected to bring in his debt, demand or claim within the time so limited, shall by such decree be forever barred of his or her action therefor against such executor or administrator." It thus appears that the legislature has, by explicit and plain expression, declared that the decree shall order that all claims which have not been presented within the time limited in the rule shall be barred, and that such decree shall have the effect of barring such unpresented claims, and therefore this court has not the competency to push aside this regulation and to say that claims not so put in shall be suable. The ascription of such a force as this to this decree is not incongruous with the residue of the procedure, nor does it lead to any absurd or irrational result, and it becomes, therefore, the duty of the court to enforce this provision in the sense of the terms employed.

The replication cannot be sustained.

It may be proper also to remark that even upon the assumption of the opposite view touching this act, it is not perceived how this course of pleading on the part of the plaintiff could have been justified. The decree of the Orphans' Court, as it stands and appears on this record, has the effect of excluding

all creditors whose claims were not presented in compliance with the rule from their actions against these executors. If the true reading of the statute were as was contended, that claims put in the hands of the executors in the interim between the expiration of the time limited in the rule and the taking of the decree were not barred, then the decree is wrong in substance, as it expressly shuts out claims of the latter kind; but as long as such decree stands unreversed, it is not apparent how it could be impeached in a collateral proceeding. The Orphans' Court had jurisdiction of the matter, and its judgment cannot be disregarded, modified or annulled except in a direct course of law.

The defendants are entitled to judgment on this demurrer.

VAN SYCKEL and KNAPP, Justices, concurred. PARKER, Justice, dissented.